Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARL SCHROETER GMBH & CO KG a/s/o
SOCIEDAD AGRICOLA RAPEL S.A.C. and a/s/o
C.H. ROBINSON COMPANY, INC.

       23 Civ.

    Plaintiff,

  - against –          **COMPLAINT**

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.

    Defendant.
------------------------------------------------------------X

    Plaintiff, CARL SHROETER GMBH & CO KG a/s/o SOCIEDAD AGRICOLA RAPEL S.A.C. and a/s/o C. H. ROBINSON COMPANY, INC. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## PARTIES

    2.    At all material times, Carl Schroeter GmbH & Co KG (hereinafter "Carl Schroeter" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign

country with an office and place of business located at Martinistrasse 8-10, Bremen 28195, Germany, and is the subrogated underwriter of a consignment of Fresh Grapes, as more specifically described below.

3. At all material times, Sociedad Agricola Rapel SAC (hereinafter "SAR" or "Plaintiff") was and is a corporation with an office and a place of business located at Caserio El Papayo Mz. O, Castilla Piura, Peru, and was the owner/shipper of a consignment of Fresh Grapes, as more specifically described below.

4. At all material times, C. H. Robison Company, Inc. (hereinafter "CHR" or "Plaintiff") was and is a corporation with an office and place of business located at 14701 Charlson Road, Eden Prairie, MN 55347, and was the owner, consignee of a consignment of Fresh Grapes, as more specifically described below.

5. At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 700 Watermark Blvd, Mt. Pleasant, SC 29464, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## **RELEVANT FACTS**

7. On or about December 18, 2021, a consignment consisting of 1,900 Boxes Fresh Grapes, laden in refrigerated container TTNU 8110002, then being in good order and condition, was delivered to MSC and/or its agents in Paita, Peru by cargo shipper SAR. The cargo was booked

for transit on board the M/V MAERSK NEWARK in Paita destined for Long Beach, California, all in consideration of an agreed upon freight, and in consideration of MSC maintaining a supply air temperature of -1.0°C at all times, all pursuant to MSC bill of lading MEDUL6490139 dated December 18, 2021.

8. On or about December 18, 2021, a consignment consisting of 1,900 Boxes Fresh Grapes, laden in refrigerated container FSCU 5802409, then being in good order and condition, was delivered to MSC and/or its agents in Paita, Peru by cargo shipper SAR. The cargo was booked for transit on board the M/V MAERSK NEWARK in Paita destined for Long Beach, California, all in consideration of an agreed upon freight, and in consideration of MSC maintaining a supply air temperature of -1.0°C at all times, all pursuant to MSC bill of lading MEDUL6490220 dated December 18, 2021.

9. Thereafter the containers were loaded on board the M/V MAERSK NEWARK on or about December 18, 2021, MSC bills of lading MEDUL6490139 and MEDUL6490220 were issued and the vessel sailed for her intended destination.

10. The containers were discharged in Rodman, Panama on December 22, 2021 for the purpose of transshipment.

11. The containers remained in Rodman, Panama for an extended period of time, up to January 13, 2022, before being transshipped onto the M/V CAPE SOUNIO for transit to destination.

12. The vessel berthed in Long Beach, California on or about February 28, 2022 at which time the two containers were discharged from the vessel.

13. On or about March 3, 2022 the containers were delivered to the receiver's warehouse.

14. As a result of the delay in transit, the consignments were not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

15. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

16. As a result of the foregoing, Plaintiff suffered damages in the amount of $23,244.32 in lost sales.

17. At all times relevant hereto, a contract of insurance for property damage was in effect between Carl Schroeter, Frusan and CHR, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Fresh Grapes.

18. Pursuant to the aforementioned contract of insurance between Frusan, CHR and Carl Schroeter, monies have been expended on behalf of Frusan and CHR to the detriment of Carl Schroeter due to the damages sustained during transit.

19. As Carl Schroeter has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Carl Schroeter has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

20. Frusan and CHR have, in addition, assigned the deductible portions of the claim to Carl Schroeter.

21. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $23,244.32.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

25. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $23,244.32.

26. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $23,244.32.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $23,244.32 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
February 27, 2023
519-30

                              **CASEY & BARNETT, LLC**
                              Attorneys for Plaintiff

By:   *Martin Casey*
      Martin F. Casey
      305 Broadway, Ste 1202
      New York, New York 10007
      (212) 286-0225